In re Will of MRS. ALETHEA P. NEAL.

(Filed 9 October, 1935.)

**Wills D h—Evidence held insufficient to show undue influence or mental incapacity and directed verdict should have been given.**

Where the only evidence on the issues of undue influence and mental capacity involved in caveat proceedings is that testatrix had made certain bequests to caveators, relatives of her deceased husband, that prior to her last illness she was in good health and sound mind, and that during her last illness, while she was attended by her brother, a physician, she executed a codicil revoking the bequests to her husband's relatives and that the unrevoked bequests in the will and the bequests in the codicil were to children of her brother and her other nieces and nephews, that when she became ill she expressed her desire to change her will to friends and relatives, and that her brother named as executor in the codicil prepared same at her request according to her instructions, and that she executed same and requested friends in the room to witness same, and that her relations with her brother were intimate and affectionate, and that she often consulted him on matters of business, without evidence that he attempted to influence her in any way, *is held* insufficient to show undue influence or mental incapacity in the execution of the codicil, and propounders' request for a directed verdict in their favor on the issues should have been given.

APPEAL by propounders from *Cowper, Special Judge,* at May Term, 1935, of PASQUOTANK.   New trial.

This is a proceeding for the probate in solemn form of a paper-writing, dated 24 May, 1934, and purporting to be a codicil to the last will and testament of Mrs. Alethea P. Neal, deceased.

At the trial issues were submitted to the jury and answered as follows:

"1. Was the paper-writing now offered for probate, bearing date 24 May, 1934, executed in manner and form as required by law, as alleged by the propounders?   Answer: 'Yes.'

"2. Was the execution of said paper-writing procured by undue influence, as alleged by the caveators?   Answer: 'Yes.'

"3. At the time of the execution of said paper-writing, did Mrs. Alethea P. Neal have sufficient mental capacity to make a will?   Answer: .. .. ......."

From judgment that the paper-writing, dated 24 May, 1934, is not a codicil to the last will and testament of Mrs. Alethea P. Neal, deceased, the propounders appealed to the Supreme Court, assigning as error the refusal of the trial court to instruct the jury as requested in apt time by the propounders.

*J. H. Hall and J. H. LeRoy, Jr., for propounders.*
*M. B. Simpson and McMullan & McMullan for caveators.*

CONNOR, J.  Mrs. Alethea P. Neal died at her home in Elizabeth City, N. C., on Sunday, 27 May, 1934.  At the date of her death she was a widow, about seventy-five years of age.  Her husband, A. S. Neal, had been dead about nine years.  No children were born of their marriage.  She had been a resident of Elizabeth City for many years.

On 1 June, 1934, Dr. A. L. Pendleton, her brother, a resident of Elizabeth City, as the executor named in the paper-writing purporting to be a codicil to her will, filed with the clerk of the Superior Court of Pasquotank County, for probate in common form, two paper-writings, one purporting to be her last will and testament, the other purporting to be a codicil to said will.  Both paper-writings were duly probated by the clerk in common form.

In her last will and testament, which was executed by her several years before her death, Mrs. Neal bequeathed to William A. Neal, a brother of her deceased husband, the sum of $1,000, and to Lonnie Cuthrel, and Alethia Fites, relatives of her said husband, each the sum of $500.00.  In the codicil, which was executed by her on 24 May, 1934, a few days before her death, she revoked and canceled these legacies.  No executor is named in the will.  Dr. A. L. Pendleton, the brother of Mrs. Neal, is named in the codicil as her executor.  The devisees and legatees named in both the will and the codicil are children of Dr. Pendleton, and other nephews and nieces of the testatrix.

On 8 February, 1935, a caveat to the codicil was duly filed with the clerk of the Superior Court of Pasquotank County, by William Neal, Lonnie Cuthrel, and Alethia Fites.  Citations were duly issued by the clerk to the executor and to the devisees and legatees named in the codicil, and after the service of said citations, answers were filed to the caveat.

At the trial the caveators consented that the first issue should be answered in the affirmative.  At the close of all the evidence the propounders, in apt time and in writing, requested the court to instruct the jury that if they believed the evidence and found the facts to be as all the evidence showed, they should answer the second issue "No," and the third issue "Yes."  To the refusal of the court to so instruct the jury, the propounders excepted, and on their appeal to this Court assign such refusal as error.

The evidence pertinent to the second issue tended to show that prior to her last illness, which began about two weeks before her death, the deceased was in good health and of sound mind; that after she became ill, she informed her relatives and friends that she had made a will, disposing of her property, but that because of losses sustained by her, which had greatly diminished her estate, she wished to change this will; and that on Thursday, before her death on the following Sunday, she

requested her brother, Dr. A. L. Pendleton, who had called to see her because of her illness, to prepare a codicil to her will, which he did. After he had prepared the codicil, in accordance with her instructions, and had read it to her in the presence of relatives and friends, she executed the codicil, and requested two of her friends, who were in the room, to witness its execution. There was evidence tending to show that the relations between Mrs. Neal and her brother, Dr. Pendleton, were intimate and affectionate, and that she frequently consulted him about her business. Dr. Pendleton is a man of high character, and at one time had been president of a bank in Elizabeth City. There was no evidence tending to show that Dr. Pendleton influenced or attempted to influence his sister, unduly or otherwise, with respect to her will. All the evidence shows that in preparing the codicil to her will he acted solely upon her instructions.

There was error in the refusal of the court to instruct the jury with regard to the second issue, as requested by the propounders. See *In re Hurdle's Will,* 190 N. C., 221, 129 S. E., 589. For this error, the propounders are entitled to a

New trial.